## THE UNITED STATES BANKRUPTCY COURT
## FOR SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division

| | | |
|---|---|---|
| IN RE: | § | Case No. 06-12420-BKC-JKO |
| | § | Chapter 7 |
| JAMES P. DRISCOLL, | § | |
| | § | |
| Debtor. | § | |
| _____/ | § | (related District Court No. 10-62365-FAM) |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | Adv. No. 10-03653-BKC-JKO |
| | § | |
| vs. | § | |
| | § | |
| ROBERT C. FURR, Chapter 7 Trustee | § | |
| and James P. Driscoll | § | |
| | § | |
| Defendant. | § | |
| _____/ | § | |
| | § | |
| ROBERT C. FURR, SUCCESSOR | § | |
| TRUSTEE, and THE UNITED STATES | § | |
| OF AMERICA *ex rel*. ROBERT C. | § | |
| FURR, SUCCESSOR TRUSTEE, | § | |
| | § | |
| Third Party Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY and MARIKA TOLZ, | § | |
| | § | |
| Third Party Defendants. | § | |
| _____/ | § | |

---

### THIRD PARTY DEFENDANT MARIKA TOLZ'S MOTION TO WITHDRAW BANKRUPTCY REFERENCE FOR ADVERSARY PROCEEDING CASE NO 10-03653-JKO AND TO CONSOLIDATE WITH DISTRICT COURT ACTION CASE NO. 10-62365-FAM, MOTION FOR ENLARGEMENT OF TIME TO FILE AMENDED ANSWER, AND INCORPORATED MEMORANDUM OF LAW

---

**RICHMAN GREER, P.A.**
Miami • West Palm Beach

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

Third Party Defendant MARIKA TOLZ, ("Tolz"), by and through her undersigned counsel and pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011, hereby submits her Motion to Withdraw the Reference in Adversary No. 10-03653 ("Adversary Proceeding"), to Consolidate the Adversary Proceeding with the pending District Court Action, Case No. 10-62365-FAM, ("District Court Action"), and for additional time to file an amended answer, and in support thereof, states as follows:

## INTRODUCTION

In accordance with 28 U.S.C. § 157(d), Federal Rules of Bankruptcy Procedure 5011 and Local Rule 5011-1, Third Party Defendant Tolz moves this Court to withdraw the reference for the remainder of the Adversary Proceeding and consolidate the Adversary Proceeding with the District Court Action presently pending in the United States District Court for the Southern District of Florida. Tolz requests this relief in order to facilitate judicial economy and efficiency in adjudicating claims made against her in various proceedings now before this Bankruptcy Court relating to her services as a Trustee of a number of estates, as well as to guard against inconsistent results and decisions of fact and law in the pending bankruptcy court proceedings. According to Federal Rules of Bankruptcy Procedure 5011, the Advisory Committee Note thereto, and Local Rule 5011-1, a motion to withdraw a reference should be filed in the bankruptcy court and transmitted by the clerk of the district court for disposition by a district judge. Upon such transmittal, Third Party Defendant Tolz respectfully requests that the

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

Adversary Proceeding be consolidated with the District Court Action.  A copy of the District Court Action Complaint for Interpleader and Injunctive Relief is annexed hereto as Exhibit "A."

## PROCEDURAL BACKGROUND

1.      On or about June 6, 2006, James P. Driscoll ("Debtor") filed his petition for voluntary bankruptcy under Chapter 7.  [D.E. 1, Case No. 06-12420-BKC-JKO].

2.      Based on a review of the docket of Case No. 06-12420-BKC-JKO, it appears that the administration of the bankruptcy estate of the Debtor has been substantially completed.

3.      On or about October 18, 2010, the United States of America ("United States") filed a Complaint for Conversion and Unjust Enrichment ("Complaint") against Robert C. Furr, the Successor Trustee for the bankruptcy estate of James P. Driscoll, ("Driscoll Bankruptcy Estate").  The Complaint alleges, *inter alia*, that Third Party Defendant Tolz misappropriated and diverted funds from the United States to the Driscoll Bankruptcy Estate.  [D.E. 1].

4.      On or about November 4, 2010, Defendant/Third Party Plaintiff Driscoll Bankruptcy Estate filed its Answer and Third Party Complaint.  [D.E. 9 and D.E. 10].

5.      Defendant/Third Party Plaintiff's Third Party Complaint alleges, among other things, breach of fiduciary duty, misappropriation and diversion of funds against Third Party Defendant Tolz as well as against Liberty Mutual Insurance Company, surety for Third Party Defendant Tolz's "faithful performance of her official duties."  [D.E. 10].

6.      The Third Party Complaint seeks damages against Third Party Defendant Liberty for all sums arising out of the Complaint filed by the United States plus interest lost in connection with Tolz's alleged misappropriation of funds.

**RICHMAN GREER, P.A.**
**Miami • West Palm Beach**

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

7.      The Third Party Complaint further seeks damages against Third Party Defendant Tolz in the amount of $1,500,000.00, representing the purported sum of misappropriated funds from the Driscoll Bankruptcy Estate account, and the disgorgement of all fees and costs paid to Tolz in connection with her administration of the Driscoll Bankruptcy Estate.

8.      On or about December 7, 2010, Third Party Defendant Tolz filed an Unopposed Motion for Enlargement of Time to file a responsive pleading in the Adversary Proceeding. [D.E. 16].

9.      Prior to filing said Motion for Enlargement of Time, counsel for Third Party Defendant obtained consent from counsel for Defendant/Third Party Plaintiff for an extension of time to file said responsive pleading, subject to the Bankruptcy Court's approval.

10.     Subsequent to the filing of the Third Party Complaint, on or about December 10, 2010, Liberty Mutual Insurance Company ("Liberty") commenced an action in the United States District Court for the Southern District of Florida bearing Case No. 10-62365 and the caption *Liberty Mutual Insurance Company v. The United States of America, ex rel Steven R. Turner et al* ("District Court Action").  *See* Exhibit "A."

11.     In the District Court Action, Liberty filed a complaint ("District Court Complaint") seeking interpleader of a Blanket Bond issued by Liberty for "Trustees in Cases under Chapter 7 and 11 provided it is a Liquidation and not a Reorganization," naming the United States of America as obligee, and naming as principals various individuals who served as trustees in Chapter 7 and chapter 11 bankruptcy cases, including Third Party Defendant Tolz

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

("Blanket Bond").  Said Blanket Bond presently lists Tolz's Bond Amount as $3,641,000.00 ("Bond Amount").  *See* Exhibit "A."

12.     The core of the District Court Action concerns claims that have been made and/or may be made against the Bond Amount during Tolz's administration as Trustee alleging diversion of funds, misappropriation and/or breach of fiduciary duty, including, but not limited to, the Driscoll Bankruptcy Estate.  *See* Exhibit "A."

13.     Further, the District Court Complaint seeks a permanent injunction that the Defendants therein be restrained and enjoined from instituting or prosecuting any proceeding in any state or United States court affecting the Blanket Bond.  *See* Exhibit "A."

14.     Moreover, in connection with the District Court Complaint, Liberty filed a Motion for a Preliminary Injunction seeking, *inter alia*, an order restraining the Defendants listed therein from instituting or prosecuting any proceeding in any State or United States court affecting the Blanket Bond at issue in the District Court Complaint.  A copy of Liberty's Motion and Memorandum in Support of Request for Preliminary Injunction is attached hereto as Exhibit "B."

15.     On or about December 17, 2010, Third Party Defendant Tolz filed her Answer to the Third Party Complaint.  [D.E. 18].

16.     The denial of the allegations therein is based on Tolz's inability to obtain relevant and material documents relating to the allegations of the Defendant/Third Party Plaintiff from the proper parties, such as the United States Trustees' Office.

17.     The Answer also includes a demand for a jury trial.

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

## BACKGROUND

18.     Over the past approximately twenty years, Third Party Defendant Tolz has served as Trustee of Defendant/Third Party Plaintiff as well of as numerous other estates not named in this action but presently asserting claims against Tolz.

19.     Commencing around May 2010, Tolz was substituted and/or resigned from her role as Trustee of Defendant/Third Party Plaintiff as well as from numerous other estates not named in this action based on personal health related issues.

20.     Shortly thereafter, various claims and disputes relating to Tolz's services as Trustee of Defendant/Third Party Plaintiff as well as of other estates began coming to light.

21.     Based on the claims and disputes, a multitude of pending bankruptcy matters were commenced against Tolz alleging breach of fiduciary duty, conversion, misappropriation, diversion of funds and disgorgement of fees previously awarded to Tolz.

22.     **All** of the claims made against Tolz share similar, if not identical, allegations relating to the diversion of funds from the respective bankruptcy estates and receivership accounts between each other and to Tolz personally.

23.     **All** of the claims made against Tolz share similar, if not identical, questions of law and fact relating to Tolz's duties as Trustee of the Defendant/Third Party Plaintiff.

24.     The United States commenced the Adversary Proceeding in order to seek the return of purportedly misappropriated and/or diverted funds from the Driscoll Bankruptcy Estate.

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

25.     In response thereto, the Driscoll Bankruptcy Estate commenced the Third Party Action looking to Liberty and the Blanket Bond for payment of the sums demanded by the United States in the Complaint.

26.     Similarly, Liberty commenced the District Court Action in order to resolve claims made against the Blanket Bond by, among others, the Driscoll Bankruptcy Estate.

27.     Liberty commenced the District Court Action in order to resolve the claims in one forum so that Liberty would not be subjected to multiple lawsuits on the Blanket Bond and to avoid the risk of inconsistent rulings on the scope and coverage of the Blanket Bond.

28.     The questions of fact and law that will be addressed in the District Court Action are similar, if not identical, to those that must be determined in the Adversary Proceeding.

29.     In the interest of judicial economy, Third Party Defendant Tolz respectfully requests that this Court grant her Motion to Withdraw the Reference of the Adversary Proceeding and Consolidate it with the District Court Action.

30.     Further, based on Third Party Defendant Tolz's inability to adequately and fully undertake an appropriate investigation of the necessary documents and facts and to assert any appropriate and necessary responses and defenses in the Answer and Affirmative Defenses to the Third Party Complaint, Tolz requests that this Court grant her an enlargement of time to file an Amended Answer and Affirmative Defenses.

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

## <u>MEMORANDUM OF LAW</u>

*This Court is Vested with the*
<u>*Authority to Withdraw the Reference*</u>

District courts have "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). District courts commonly refer these cases to bankruptcy courts pursuant to 28 U.S.C. § 157(a). Notwithstanding the foregoing, a party may file a motion to withdraw the reference and relieve the bankruptcy court of jurisdiction if it believes the case is more properly heard in bankruptcy court. *See* 28 U.S.C. § 157(d). Specifically, 28 U.S.C. § 157 provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

<u>*Permissive Withdrawal of the Reference is Warranted*</u>

The court may withdraw a reference "for cause shown" (permissive withdrawal) and shall withdraw the reference if resolution requires consideration of both bankruptcy and non-bankruptcy issues (mandatory withdrawal). *Id.* While the applicable statute does not define "cause shown," the courts of appeals have addressed what constitutes sufficient "cause" to withdraw a reference and have set forth the following factors a district court may consider: (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) the delay that will be occasioned and the costs to the parties, (4) promotion of uniformity of bankruptcy administration, (5) prevention of forum shopping, and (6) other related factors, such

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

as the preservation of the right to a jury trial.  *See In Burger Boys, Inc*., 94 F.3d 755, 762 (2d Cir.

1996) *citing In re Orion Pictures Corp*., 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. dismissed*, 511

U.S. 1026 (1994); *see also In re Pruitt*, 910 F.2d 1160 (3d Cir. 1990).

First and foremost, the questions of law and fact involved in the Adversary Proceeding

unequivocally relate to non-core issues.  In general, "a proceeding is core under section 157 if it

invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could

arise only in the context of a bankruptcy case."  *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987).  By

contrast, a non-core proceeding does not depend on bankruptcy law for its existence and "could

proceed in another court."  *Security Farms v. Int'l Bhd. Of Teamsters*, 124 F.3d 999, 1008 (9th

Cir. 1997).  The allegations raised in the Complaint in the Adversary Proceeding relate to state

law claims of unjust enrichment and conversion relating to funds purportedly diverted from the

Plaintiff's account by Third Party Defendant Tolz.  Clearly these claims do not invoke any

substantive right provided by title 11 nor do they involve claims that could only arise in the

context of a bankruptcy case.  Similarly, the allegations in the Third Party Complaint pertaining

to Liberty and Tolz relating to breach of fiduciary duty, misappropriation and diversion of funds

do not depend on bankruptcy law for its existence.  As such, this factor weighs heavily in favor

of granting Third Party Defendant's Motion to Withdraw the Reference.

Second, based on the recent influx of litigation on the docket of this Bankruptcy Court

involving Third Party Defendant Tolz relating to the same, if not identical, claims, the

proposition of withdrawing the reference and consolidating the Adversary Proceeding with the

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

District Court Action promotes judicial economy and prevents the unnecessary waste of judicial resources.

Third, the Adversary Proceeding is still in the early stages of litigation. Specifically, the Complaint was filed two months ago and the Third Party Complaint was filed approximately six weeks ago. Third Party Defendant Tolz's answer in the Third Party Action was filed on December 17, 2010. As is evident from the timeline, very little time has passed since the relevant pleadings were filed thereby refuting any arguments of prejudicial delay in filing the instant Motion. *See C-TC 9th Ave. Partnership,* 177 B.R. 760, 765 (N.D. N.Y. 1995) (prejudice is determined in light of the proceedings, i.e., the status of the case, and a four month delay is not prejudicial). Further, withdrawing the reference and consolidating the Adversary Proceeding with the District Court Action will undoubtedly reduce costs for all parties involved as it will permit resolution of multiple issues in the same forum.

Fourth, withdrawing the reference and consolidating the Adversary Proceeding with the District Court Action will prevent multiple lawsuits on the same issues and diminish the risk of inconsistent rulings thereby promoting uniformity of bankruptcy administration and preventing forum shopping.

Finally, holding a jury trial in bankruptcy court could result in a verdict in a non-core proceeding that could be re-examined before the district court which would result in violation of the Seventh Amendment. *In re Daewoo Motor Am., Inc.*, 302 B.R. 308, 314 (Bankr. C.D. Cal. 2003). Based on Third Party Defendant Tolz's demand for a jury trial, this factor weighs heavily

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

in favor of withdrawing the reference.   *In re Mindeco Corp.*, 212 B.R. 447 (E.D. N.Y. 1997)

(protection of right to jury trial generally requires withdrawal of reference).[1]

Accordingly, given the interrelated claims arising out of (1) Tolz's duties as a Trustee of

the Defendant/Third Party Plaintiff, (2) non-core allegations of diversion of funds, conversion

and misappropriation by the Plaintiff and Defendant/Third Party Plaintiff, (3) non-core claims of

breach of fiduciary duty against Tolz made by Plaintiff and Defendant/Third Party Plaintiff, and

(4) rival, adverse and conflicting claims made by Defendant/Third Party Plaintiff against the

Blanket Bond issued by Third Party Defendant Liberty, it would be more efficient and effective

for all claims concerning the foregoing to be adjudicated before one court.  Further, withdrawal

of the reference will expedite the various claims at issue and thus bring about faster and more

cohesive resolution of the multitude of pending matters and claims asserted against Tolz.

*Mandatory Withdrawal of the Reference is Justified*

In addition to permissive withdrawal of the reference, mandatory withdrawal of the

reference exists.  Mandatory withdrawal of the reference to a bankruptcy court is statutorily

required if substantial and material consideration of non-Bankruptcy Code federal law is

necessary for resolution of the proceeding.  *In re Dana Corp.*, 379 B.R. 449, 453 (S.D.N.Y.

2007).  To the extent core bankruptcy issues of administration of the funds of the estate exist,

they are combined with significant non-core issues affecting the Blanket Bond for all the panel

---

[1] As Administration of the bankruptcy case has been substantially completed (*see* ¶¶ 1 and 2 *supra*), there is neither value nor merit in keeping pre-trial proceedings before the bankruptcy court while conducting trial in the district court.  The proceedings that are to follow are disputes over the Blanket Bond, not core issues regarding estate administration.

11

**RICHMAN GREER, P.A.**
Miami ● West Palm Beach

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

trustees of the Southern District, i.e., the extent and nature of the Blanket Bond.  As such, resolution of this issue will require consideration of non-Title 11 law relating to the regulation of organizations or activities affecting interstate commerce; specifically, among others, the regulation of the Blanket Bond in accordance with 28 U.S.C. § 1352.

Based on the foregoing, hearing all claims together will enhance judicial economy and consistency, thereby minimizing the potential for inconsistent outcomes that could result in substantial prejudice to all parties involved.  As such, Tolz is confident the District Court will have a more complete picture of the various disputes and the interrelationship between all parties involved if the court withdraws the reference.  Accordingly, it would be in the best interest of all parties that the Adversary Proceeding be determined together with the District Court Action.

*This Court Should Grant Tolz's*
*Request for an Enlargement of Time*

The Federal Rules of Civil Procedure vest this Court with the discretion to grant Tolz's Motion for Enlargement of Time pursuant to Rule 6 of the Federal Rules of Civil Procedure, which Rule provides in pertinent part that:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).  As such, this Court, in its discretion, may grant the relief Tolz's instant Motion is seeking herein.

12

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

## PRAYER

**WHEREFORE**, Third Party Defendant, MARIKA TOLZ, respectfully requests that this Court grant the motion to Withdraw the Reference and Consolidate the Adversary Proceeding with the District Court Action, grant Third Party Defendant MARIKA TOLZ's motion for an enlargement of time to file an Amended Answer and Affirmative Defenses, and grant such other and further relief as this Court deems just and proper.

Dated: December 21, 2010                    Respectfully submitted,

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional Qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: _____/s/ Manuel Farach_____

Manuel Farach, Esquire
Florida Bar No. 612138
mfarach@richmangreer.com
Richman Greer, P.A.
250 Australian Ave. South, Ste. 1504
West Palm Beach, FL 33401
Telephone: (561) 803-3500
Facsimile: (561) 820-1608

**ATTORNEYS FOR MARIKA TOLZ**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all person on the master service list by CM/ECF to those parties authorized to receive electronic

*In Re: James P. Driscoll*
*Robert C. Furr et al. v. Liberty Mutual Insurance Company et al.*
Case No. 06-12420-BKC-JKO
Adv. No. 10-03653-BKC-JKO

service and/or via US Mail to those persons to whom electronic notification will not be delivered.

By: ____/s/Manuel Farach_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY,

              Plaintiff,                     CASE NO. _____

v.

THE UNITED STATES OF AMERICA,
*ex rel* STEVEN R. TURNER, UNITED
STATES ASSISTANT TRUSTEE, REGION
21, AND ALL PANEL TRUSTEES OR
SUCCESSOR TRUSTEES CLAIMING THROUGH
THE UNITED STATES TRUSTEE; ROBERT FURR,
JOEL TABAS, and SONEET KAPILA,
SUCCESSOR TRUSTEES TO MARIKA TOLZ,

              Defendants.
_____/

**COMPLAINT FOR INTERPLEADER
AND INJUNCTIVE RELIEF**

       Liberty Mutual Insurance Company ("Liberty"), a company organized under the laws of

the State of Massachusetts with its principal place of business in the State of Massachusetts for its

Complaint for Interpleader, Declaratory Judgment and Injunctive Relief, avers as follows:

**<u>Parties</u>**

1.      Made defendants herein are:

       a.      The United States of America, *ex rel.* Steven R. Turner, United States

                Assistant Trustee, Region 21 (the "UST"); and all panel trustees or

                successor trustees claiming through the United States Trustee;

      b.      Robert Furr, on information and belief, a person of full age of majority domiciled in the State of Florida, in his capacity as successor Trustee to Marika Tolz;

      c.      Joel Tabas, on information and belief, a person of full age of majority domiciled in the State of Florida, in his capacity as successor Trustee to Marika Tolz; and

      d.      Sonnet Kapila, on information and belief, a person of full age of majority domiciled in the State of Florida, in his capacity as successor Trustee to Marika Tolz.

(Furr, Tabas and Kapila are sometimes collectively referred to as the "Successor Trustees").

## Jurisdiction and Venue

2.      This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1352, as this action pertains to a bond executed pursuant to 11 U.S.C. 322 and Federal Rule of Bankruptcy Procedure 2010, naming the United States of America as obligee.

3.      This Court further has original jurisdiction pursuant to 28 U.S.C. § 1335 over this civil action of interpleader involving contract funds and a bond of an amount of more than $500.00 with two or more adverse claimants of diverse citizenship.

4.      This Court further has jurisdiction pursuant to 28 U.S.C. § 1332, as this suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is properly placed in this Court pursuant to 28 U.S.C. §§ 1391 and 1397.

2

## **Background**

6.      Liberty is a surety company in the business of providing, among other products, blanket bonds for bankruptcy Trustees.

7.      On December 13, 2002 Liberty Mutual issued a Blanket Bond of Trustees in Cases under Chapter 7 and Chapter 11 Provided it is a Liquidation and not a Reorganization, naming the United States of America as obligee, and naming as principals various individuals who served as trustees in Chapter 7 and Chapter 11 bankruptcy cases in the Southern District of Florida (the "Bond"), based on a schedule provided by the UST's office (the "Schedule").

8.      Liberty executed Renewal Certificates for the Bond each year from 2004 to 2010. Each Renewal Certificate was effective as of January 1 of a particular year, replaced the prior year's Renewal Certificate, and altered the penal sum of the Bond per trustee based on the total amount of the funds the trustees had under their administration at the time of renewal.

9.      Liberty received the information about the amounts the trustees had under administration from the UST.  The UST sent a letter each year to Liberty identifying the principals, listing the funds each principal had "on hand," and asking for renewal of the Bond in the total amount the listed principals had on hand.   The Renewal Certificates provide, in part, that they are to be attached to and made a part of the Bond.

10.      Marika Tolz is one of the principals listed on the Schedule.  Tolz was a panel trustee in the United States Bankruptcy Court for the Southern District of Florida for 26 years. She was also a receiver in several state cases.

11.      The 2010 Renewal Certificate lists Tolz's Bond Amount as $3,641,000.00 (the "Penal Sum").

3

12.     Tolz has resigned as Trustee from her cases, and Liberty has received or been threatened with claims under the Bond from the Successor Trustees to Tolz alleging that Tolz misappropriated funds and/or otherwise failed to faithfully perform her duties as Trustee in no less than seven (7) bankruptcy cases (the "Claims"). Liberty has been advised that the Successor Trustees believe there are additional claims.

13.     To date, Liberty has been sued by Furr in the following matters:

a.      *In re: James P. Driscoll*, bearing Adversary Proceeding number 10-03653 on the Docket of the United States Bankruptcy Court for the Southern District of Florida;

b.      *In re: Richard Joseph Ryan*, bearing Adversary Proceeding number 10-03627 on the Docket of the United States Bankruptcy Court for the Southern District of Florida;

c.      *In re: Kivi South*, bearing case number 04-26245 on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 342; and

d.      *In re: Fuzion Technologies Group, Inc. and Fuzion Wireless Communications*, bearing case numbers 01-28967-JKO and 01-28968-JKO on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 8.

14.     Liberty is investigating the Claims, and believes it may have defenses to certain of the Claims.

15.     On information and belief, the Claims exceed the Penal Sum of the Bond.

4

16.     If the Claims are not resolved in one forum, Liberty will be subjected to, among other things, multiple lawsuits on the Bond, the risk of inconsistent rulings on the scope and coverage of the Bond, and adverse monetary judgments in amounts that exceed the Bond's Penal Sum.

17.     Further, Claims have been asserted by Successor Trustees on the Bond, which names the United States of America as obligee.  Without the participation of the UST in the resolution of the Claims, Liberty could be subject to duplicative and/or inconsistent claims.

## COUNT ONE – STATUTORY INTERPLEADER AND INJUNCTIVE RELIEF

18.     Liberty realleges and incorporates the allegations of paragraphs 1 through 17 as if fully set forth herein.

19.     Contemporaneously with this Complaint, Liberty is tendering into the registry of the Court a Bond in the amount of $3,641,000.00, the Penal Sum of Liberty's Bond as to Tolz.

20.     On information and belief, Liberty is facing multiple Claims on the Bond, and the Claims exceed the penal sum of the Bond.

21.     Liberty, a citizen of Massachusetts, has asserted a claim to the Penal Sum as it believes it has defenses to certain of the Claims.   Liberty is diverse from other claimants, who are citizens of Florida; the amount in controversy exceeds $500.00 and Liberty is tendering into the registry of the Court a Bond in the Penal Sum.  Therefore, the requirements of § 1335 are satisfied, and injunctive relief under § 2361 is permitted.

22.     Liberty is entitled to process requiring the defendants to interplead their claims against the Bond in this action only.

5

23.     Liberty is further entitled to preliminary and permanent injunctive relief under §
2361 restraining the defendants from instituting or prosecuting any proceeding in any State or
United States court affecting the Bond.

### COUNT TWO – RULE INTERPLEADER AND INJUNCTIVE RELIEF

24.     Liberty realleges and incorporates the allegations of paragraphs 1 through 17 and
19 through 23 as if fully set forth herein.

25.     Liberty is further entitled to process requiring the defendants to interplead their
claims against the Bond in this action only under Federal Rule of Civil Procedure 22.

26.     Liberty is further entitled to preliminary and permanent injunctive relief under
Federal Rule of Civil Procedure 65 restraining the defendants from instituting or prosecuting any
proceeding in any State or United States court affecting the Bond as: (1) Liberty has a substantial
likelihood of success on the merits of this interpleader action as Liberty's liability, if any, is clearly
limited to the Penal Sum and Liberty is subjected to multiple claims and the possibility of
inconsistent rulings; (2) there is a substantial threat of irreparable harm if the injunction is not
granted as Liberty will be subjected to multiple lawsuits with possible inconsistent rulings and
defending Claims that exceed the Penal Sum; (3) the threatened injury outweighs any harm that
may result from the injunction to the non-movant as there is no prejudice to the United States
Trustee and the Successor Trustees asserting the Claims in this Court rather than the individual
bankruptcy matters; and (4) the injunction will not undermine the public interest.

27.     Alternatively, this Court may issue and Liberty requests an injunction to restrain
the parties from pursuing any claim against the Bond in another federal court pursuant to the All
Writs Statute, 28 U.S.C. § 1651.

WHEREFORE, Liberty Mutual Insurance Company prays:

1.      That each of the defendants in interpleader be restrained and enjoined from instituting or prosecuting any proceeding in any State or United States court affecting the Bond;

2.      That the Court require the defendants to interplead their claims against the Bond and Liberty in this action only, and that the Court determine the respective rights and claims of the parties;

3.      For judgment in interpleader that Liberty has no liability to the defendants in connection with the Bond; and

4.      For such other legal and equitable relief as the Court may deem just and proper.


*s/ Brett D. Divers*
BRETT D. DIVERS, ESQ.
Florida Bar No. 0973246
bdivers@mpdlegal.com
ALBERTA L. ADAMS
Florida Bar No. 0080063
aadams@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 2010
Tampa, FL 33602
(813) 229-3500 (Telephone)
(813) 229-3502 (Fax)
*Attorneys for Liberty Mutual Insurance Company*

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

Liberty Mutual Insurance Company

## DEFENDANTS

Steven R. Turner, Robert Furr, Joel Tabas, and Soneet Kapila

(b) County of Residence of First Listed Plaintiff **Suffolk County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Broward County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Brett D. Divers, Esq./Alberta L. Adams, Mills Paskert Divers, 100 N. Tampa St., Ste. 2010; Tampa, FL 33602
Phn: (813) 229-3500

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☑ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| | | ☐ 362 Personal Injury - Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☑ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO   b) Related Cases ☐ YES ☐ NO

JUDGE                           DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. 1335 and 2361 (Interpleader)

LENGTH OF TRIAL via **4** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ▸75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

s/Brett D. Divers

DATE

**FOR OFFICE USE ONLY**

AMOUNT          RECEIPT #          IFP

JS 44 Reverse (Rev. 02/08)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.     **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

  (d) Choose one County where Action Arose.

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.     **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States District Courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Refiled (3) Attach copy of Order for Dismissal of Previous case. Also complete VI.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Related/Refiled Cases.** This section of the JS 44 is used to reference related pending cases or re-filed cases. Insert the docket numbers and the corresponding judges name for such cases.

VII.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**     Example:     U.S. Civil Statute: 47 USC 553
                                                                                      Brief Description: <u>Unauthorized reception of cable service</u>

VIII.     **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) ) | |
| v. | ) | Civil Action No. |
| _____ | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) ) | |
| v. | ) | Civil Action No. |
| _____ | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

                                                                                                            .


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                              *Server's signature*

                                                      _____
                                                              *Printed name and title*


                                                      _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) ) | |
| v. | ) | Civil Action No. |
| _____ | ) ) ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
                                                              *Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒  I personally served the summons on the individual at *(place)*
_____ on *(date)* _____ ; or

❒  I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒  I returned the summons unexecuted because _____ ; or

❒  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY,

    Plaintiff,       CASE NO. 0:10-cv-62365

v.

THE UNITED STATES OF AMERICA,
*ex rel* STEVEN R. TURNER, UNITED
STATES ASSISTANT TRUSTEE, REGION
21, AND ALL PANEL TRUSTEES OR
SUCCESSOR TRUSTEES CLAIMING THROUGH
THE UNITED STATES TRUSTEE; ROBERT FURR,
JOEL TABAS, and SONEET KAPILA,
SUCCESSOR TRUSTEES TO MARIKA TOLZ,

    Defendants.
_____/

## LIBERTY MUTUAL INSURANCE COMPANY'S MOTION AND MEMORANDUM IN SUPPORT OF REQUEST FOR PRELIMINARY INJUNCTION

  Plaintiff, Liberty Mutual Insurance Company ("Liberty"), submits its Motion and

Memorandum in Support of its Request for Preliminary Injunction in connection with its Complaint

for Interpleader and Injunctive Relief (the "Complaint"). As set forth more fully below, the Court is

empowered, pursuant to 28 U.S.C. § 2361 and Federal Rule of Civil Procedure 65, to enter a

preliminary order restraining the Defendants from instituting or prosecuting any proceeding in any

State or United States court affecting the Bond at issue in the Complaint. All such proceedings

should occur as part of Liberty's interpleader action herein.

## FACTUAL BACKGROUND

  Liberty is a surety company in the business of providing, among other products, blanket

bonds for bankruptcy Trustees. On December 13, 2002 Liberty issued a Blanket Bond of Trustees in

Cases under Chapter 7 and Chapter 11 Provided it is a Liquidation and not a Reorganization," naming the United States of America as obligee, and naming as principals various individuals who served as trustees in Chapter 7 and Chapter 11 bankruptcy cases in the Southern District of Florida (the "Bond"), based on a schedule provided by the United States Trustee's office (the "Schedule").[1] (Rockenbach Aff., ¶ 3).

Liberty executed Renewal Certificates for the Bond each year from 2004 to 2010. Each Renewal Certificate was effective as of January 1 of a particular year, replaced the prior year's Renewal Certificate, and altered the penal sum of the Bond for each trustee based on the total amount of the funds the trustees had under their administration at the time of renewal. (Rockenbach Aff., ¶ 4).

Liberty received the information about the amounts the trustees had under administration from the United States Trustee ("UST"). The UST sent a letter each year identifying the principals, listing the funds each principal had "on hand," and asking for renewal of the Bond in the total amount the listed principals had on hand. The Renewal Certificates provide, in part, that they are to be attached to and made a part of the Bond.[2] (Rockenbach Aff., ¶ 5).

Marika Tolz is one of the principals listed on the Schedule. Tolz was a panel trustee in the United States Bankruptcy Court for the Southern District of Florida for 26 years. She was also a

---

[1]     A copy of the Bond is attached as Exhibit "1" to the Affidavit of Kenneth Rockenbach, which is attached to this Motion as Exhibit "A." (References to this Affidavit are by the abbreviation "Rockenbach Aff." followed by the specific paragraph.) Liberty believes that the UST has the signed Bond in its possession.

[2]     A copy of the 2010 Renewal Certificate is attached to Mr. Rockenbach's Affidavit as Exhibit "2." Liberty believes that the UST has the signed Renewal Certificate in its possession.

receiver in several state cases. The 2010 Renewal Certificate lists Tolz's Bond Amount as $3,641,000.00 (the "Penal Sum"). (Rockenbach Aff., ¶ 6).

Tolz has resigned as Trustee from her cases, and Liberty has received or been threatened with claims against the Bond from the UST and successor trustees to Tolz alleging that Tolz misappropriated funds and/or otherwise failed to faithfully perform her duties as Trustee in no less than seven (7) bankruptcy cases (the "Claims"). Liberty has been advised that the Successor Trustees believe there are additional claims. (Rockenbach Aff., ¶ 7).

To date, Liberty has been sued by successor trustees in the following matters:

a. *In re: James P. Driscoll*, bearing Adversary Proceeding number 10-03653 on the Docket of the United States Bankruptcy Court for the Southern District of Florida; and

b. *In re: Richard Joseph Ryan*, bearing Adversary Proceeding number 10-03627 on the Docket of the United States Bankruptcy Court for the Southern District of Florida.

c. *In re: Kivi South,* case no. 04-26245 on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 342.

d. *In re: Fuzion Technologies Group, Inc. and Fuzion Wireless Communications*, bearing Adversary Proceeding number 10-03626 on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 8.

(Rockenbach Aff., ¶ 8). In each of these cases, the successor trustee has filed suit without joining the UST. Liberty is investigating the Claims, and believes it may have defenses to certain or all of the Claims. Notwithstanding those defenses, Liberty believes that the aggregate amount of the Claims exceeds the Penal Sum of the Bond. (Rockenbach Aff., ¶ 9).

If the Claims are not resolved in one forum, Liberty will be subjected to, among other things, multiple lawsuits against the Bond, multiple lawsuits seeking to assert the same or similar theories,

litigation of the same legal defenses in different courts, the risk of inconsistent rulings on the defenses, scope and coverage of the Bond, and adverse monetary judgments in amounts that could exceed the Bond's Penal Sum. Litigating the same or substantially similar facts and issues in several different courts instead of having such facts and issues determined in a single forum would be a waste of judicial resources.

Further, Claims have been asserted by successor trustees on the Bond, which names the United States of America as obligee. (Rockenbach Aff., ¶ 10). However, the UST is not a party to the litigation filed against Liberty's Bond. Without the participation of the in the resolution of the Claims, Liberty could be subject to duplicative and/or inconsistent claims.

Accordingly, to avoid multiple suits, duplicative litigation, inconsistent verdicts, an inefficient expenditure of legal resources, and liability beyond the Penal Sum, Liberty filed the captioned interpleader action. Liberty has filed a bond in the amount of the Penal Sum with the Clerk of Court (the "Interpleader Bond").[3]

## LAW AND ARGUMENT

### I.    LIBERTY IS ENTITLED TO A PRELIMINARY INJUNCTION UNDER 28 U.S.C. § 2361.

28 U.S.C. § 2361 provides, in pertinent part, that:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

---

[3]    A copy of the Interpleader Bond was submitted to the Court contemporaneously with filing the Complaint in this action.

4

Liberty filed its interpleader action pursuant to 28 U.S.C. § 1335. Section 1335 authorizes "statutory interpleader" when the property involved has a value of $500.00 or more if there are two or more adverse claimants to the property and the plaintiff deposits the property into the registry of the Court *or* "has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy." As noted above, Liberty has filed an Interpleader Bond with the Clerk of Court. Additionally, Liberty has asserted a claim to those funds to the extent that it has defenses to the claims. Liberty, a citizen of Massachusetts, is diverse from other claimants, which are citizens of Florida. Therefore, the requirements of § 1335 are satisfied, and injunctive relief under § 2361 is permitted. *See Lummis v. White*, 629 F.2d 397, 402-03 (5th Cir. 1980),[4] *rev'd on other grounds*, 457 U.S. 85, 102 S.Ct. 2325 (1982) (citizenship of interested stakeholder considered for purposes of determining jurisdiction under § 1335); *Mt. Hawley Ins. Co. v. Federal Sav. & Loan Ins. Corp.*, 695 F.Supp. 469 (C.D. Cal. 1987).

The right to an injunction under § 2361 is independent of any right to injunctive relief under Federal Rule of Civil Procedure 65. Rule 65(e) expressly states that "[t]hese rules do not modify ... the provisions of Title 28, U.S.C. § 2361, relating to preliminary injunctions in actions of interpleader or in the nature of interpleader." Therefore, as this Court recently stated, "the traditional requirements for injunctions and restraining orders set forth in Federal Rule of Civil Procedure 65(a)

---

[4] In *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit issued before October 1, 1981.

do not apply to Section 2361 injunctions." *Orseck, P.A. v. Servicios Legales de MesoAmerica S. De R.L.*, 699 F.Supp.2d 1344, 1351, n. 9 (S.D. Fla. 2010)

The Eleventh Circuit has held that "[i]nterpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund." *Ohio Nat'l Live Assur. Corp. v. Langkau*, 209 WL 3824789, * 3 (11th Cir. 2009). Another court has stated, "An interpleader action is designed to protect a stakeholder . . . from the possibility of multiple claims upon a single fund. To this end the interpleader statutes and rules are 'liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability.'" *Matter of Bohart*, 743 F.2d 313, 324-25 (5th Cir. 1984).

This Court has stated that injunctive relief is especially proper to protect the plaintiff from multiple litigation where there are numerous claimants and the threat of multiple lawsuits. *Orseck, P.A., supra*, 699 F.Supp.2d at 1351. Here, Liberty is subjected to multiple claims, the aggregate amount of which exceed the Penal Sum of the Bond; lawsuits have been filed by successor trustees without joinder of the UST, which could lead to issues as to the finality of any settlement or judgment; Liberty anticipates that additional lawsuits will be filed; and Liberty is at risk of inconsistent and/or conflicting rulings on the scope of its obligations and defenses to claims under the Bond. Thus, this case is particularly appropriate for interpleader and injunctive relief.

## II.    LIBERTY IS ALSO ENTITLED TO A PRELIMINARY INJUNCTION UNDER RULE 65.

Interpleader actions are also authorized under Federal Rule of Civil Procedure 22. Here, jurisdiction lies for an interpleader action under Rule 22 because Liberty is diverse from all defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Further, the Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1352, because this action pertains to a bond executed pursuant to 11 U.S.C. 322 and Federal Rule of Bankruptcy Procedure 2010, naming the United States of America as obligee. *See Commercial Union Ins. Co. v. U.S.*, 999 F.2d 581, 584 (D.C. Cir. 1993) (noting that Rule 22 interpleader must fall within a statutory grant of federal jurisdiction).

To obtain a preliminary injunction in connection with an interpleader action under Rule 22, the interpleading party must comply with Federal Rule of Civil Procedure 65 and the standard for granting a preliminary injunction. In the Eleventh Circuit, a movant is entitled to a preliminary injunction if it can demonstrate by a clear showing the following factors:

> (1) a substantial likelihood of success on the merits; (2) the movant will suffer irreparable harm in the absence of the injunction; (3) the harm suffered by the movant in the absence of the injunction would exceed the harm suffered by the non-movant; and (4) that the injunction will not disserve the public interest.

*North American Medical Corp. v. Axiom Worldwide, Inc.*, 522 F.2d 1211, 1217 (11th Cir. 2008). Liberty can demonstrate all of those factors here.

First, it is likely that Liberty will succeed on the merits of its interpleader action because Liberty is subjected to multiple claims that exceed the Penal Sum of the Bond; lawsuits have been filed by successor trustees without joinder of the UST, which could potentially affect the finality of any settlement or judgment; Liberty anticipates that additional lawsuits will be filed; and Liberty is at risk of inconsistent and/or conflicting rulings on the scope of its obligations and defenses to claims under the Bond. Thus, this case is particularly appropriate for interpleader. *Ohio Nat'l Live Assur. Corp. v. Langkau*, 2009 WL 3824789, * 3 (11th Cir. 2009); *Matter of Bohart, supra*, 743 F.2d at 324-25; *Campbell v. North Am. Co. for Life and Health Ins.*, 2007 WL 2209249, *3 (M.D. Fla.

2007) ("One purpose of interpleader is to protect a stakeholder from the possibility of defending multiple claims.")

Second, there is a substantial threat of irreparable harm if injunctive relief is not granted. Liberty is already exposed to a multiplicity of lawsuits, and would be exposed to inconsistent verdicts and liability beyond the funds deposited into the registry of the Court. As noted above, interpleader is designed to protect a stakeholder from the possibility of multiple claims upon a single fund, and the interpleader statutes and rules are designed to protect the stakeholder from the expense of defending twice and from double liability. *Bohart, supra,* 743 F.2d at 324-25.

Third, the irreparable harm to Liberty outweighs any harm to the defendants because they will be able to assert their claims, if any, in this litigation and have the further protection of the Interpleader Bond, if they prevail.

Lastly, because interpleader actions serve the public interest by encouraging the resolution of competing claims in one forum, the public interest will not be undermined. In fact, this interpleader action will serve the public interest because all claims, facts and defenses will be resolved in a single forum rather than in several different courts. Such centralized litigation of the claims, facts and defenses will conserve the resources of several courts.

Accordingly, preliminary injunctive relief is appropriate in this case.

## CONCLUSION

Based on the foregoing, this Court should grant Liberty Mutual Insurance Company a preliminary injunction restraining the defendants from instituting or prosecuting any proceeding in any State or United States court affecting the Bond, other than this Court, until further order of the Court.

8

Respectfully submitted,


_____ s/ Brett D. Divers _____
BRETT D. DIVERS, ESQ.
Florida Bar No. 0973246
bdivers@mpdlegal.com
ALBERTA L. ADAMS
Florida Bar No. 0080063
aadams@mpdlegal.com
MILLS PASKERT DIVERS
100 N. Tampa St., Ste. 2010
Tampa, FL 33602
(813) 229-3500 (Telephone)
(813) 229-3502 (Fax)
*Attorneys for Liberty Mutual Insurance
Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

facsimile and by U.S. Mail on December 6th 2010 to:

**Steven R. Turner, Esq.**
United States Assistant Trustee
Region 21 Office of The United States Trustee
51 SW First Ave., Room 1204
Miami, FL 33130

**Joel L. Tabas, Esq.**
United States Trustee
919 Ingraham Building
25 SE 2nd Ave.
Miami, FL 33131

**Soneet R. Kapila**
United States Trustee
Post Office Box 14213
Fort Lauderdale, FL 33302

**Marc P. Barmat, Esq.**
Furr & Cohen, P.A.
2255 Glades Rd., Ste 337W
Boca Raton, FL 33431


_____ s/ Brett D. Divers _____

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LIBERTY MUTUAL INSURANCE
COMPANY,

         Plaintiff,                     CASE NO. _____

v.

THE UNITED STATES OF AMERICA,
*ex rel* STEVEN R. TURNER, UNITED
STATES ASSISTANT TRUSTEE, REGION
21, AND ALL PANEL TRUSTEES OR
SUCCESSOR TRUSTEES CLAIMING THROUGH
THE UNITED STATES TRUSTEE; ROBERT FURR,
JOEL TABAS, and SONEET KAPILA,
SUCCESSOR TRUSTEES TO MARIKA TOLZ,

         Defendants.
_____/

## AFFIDAVIT OF KENNETH ROCKENBACH IN SUPPORT OF LIBERTY MUTUAL INSURANCE COMPANY'S MOTION FOR PRELIMINARY INJUNCTION

STATE OF TEXAS:

COUNTY OF DALLAS:

      Before me, the undersigned authority, this day personally appeared Kenneth Rockenbach,

who, being by me first duly sworn, deposes and says:

      1.     I am Home Office Counsel for Liberty Mutual Insurance Company ("Liberty"), which

is a licensed surety company in the business of, among other things, issuing bonds. I am over the age

of 18 years, and am competent and authorized to make this Affidavit. I make this Affidavit based on

my personal knowledge or on the knowledge based on my review of the business records that Liberty

regularly maintains and that were prepared at or near the time of the events described in such records



by a person with knowledge of such events.  Such business records are kept in the ordinary course of regularly conducted business activity of Liberty, and it is the regular practice of Liberty to make such business records.  I routinely rely on such business records in the usual course of my business activities.

2.      I make this Affidavit to support Liberty's Motion for Preliminary Injunction in the above-captioned case.

3.      Liberty is a surety company in the business of providing, among other products, blanket bonds for bankruptcy Trustees.  On December 13, 2002 Liberty issued a Blanket Bond of Trustees in Cases under Chapter 7 and Chapter 11 Provided it is a Liquidation and not a Reorganization," naming the United States of America as obligee, and naming as principals various individuals who served as trustees in Chapter 7 and Chapter 11 bankruptcy cases in the Southern District of Florida (the "Bond"), based on a schedule provided by the United States Trustee's office (the "Schedule").  A copy of the Bond is attached hereto as Exhibit "1."

4.      Liberty executed Renewal Certificates for the Bond each year from 2004 to 2010.  Each Renewal Certificate was effective as of January 1 of a particular year, replaced the prior year's Renewal Certificate, and altered the penal sum of the Bond for each trustee based on the total amount of the funds the trustees had under their administration at the time of renewal.

5.      Liberty received the information about the amounts the trustees had under administration from the United States Trustee ("UST").  The UST sent a letter each year identifying the principals, listing the funds each principal had "on hand," and asking for renewal of the Bond in the total amount the listed principals had on hand. The Renewal Certificates provide, in part, that they are to be attached to and made a part of the Bond.

2

6.      Marika Tolz is one of the principals listed on the Schedule. Tolz was a panel trustee in the United States Bankruptcy Court for the Southern District of Florida for 26 years. She was also a receiver in several state cases. The 2010 Renewal Certificate lists Tolz's Bond Amount as $3,641,000.00 (the "Penal Sum"). A copy of the Renewal Certificate is attached hereto as Exhibit "2."

7.      Liberty has been informed that Tolz resigned as Trustee from her cases, and Liberty has received or been threatened with claims against the Bond from the UST and successor trustees to Tolz alleging that Tolz misappropriated funds and/or otherwise failed to faithfully perform her duties as Trustee in no less than seven (7) bankruptcy cases (the "Claims"). Liberty has been advised that the Successor Trustees believe there are additional claims.

8.      To date, Liberty has been sued by successor trustees in the following matters:

a.      *In re: James P. Driscoll*, bearing Adversary Proceeding number 10-03653 on the Docket of the United States Bankruptcy Court for the Southern District of Florida; and

b.      *In re: Richard Joseph Ryan*, bearing Adversary Proceeding number 10-03627 on the Docket of the United States Bankruptcy Court for the Southern District of Florida.

c.      *In re: Kivi South*, case no. 04-26245 on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 342.

d.      *In re: Fuzion Technologies Group, Inc. and Fuzion Wireless Communications*, bearing Adversary Proceeding number 10-03626 on the Docket of the United States Bankruptcy Court for the Southern District of Florida, Doc. 8.

9.      Liberty is investigating the Claims, and believes it may have defenses to certain or all of the Claims. Notwithstanding those defenses, Liberty believes that the aggregate amount of the Claims exceeds the Penal Sum of the Bond.

3

10.     Further, Claims have been asserted by successor trustees on the Bond, which names the United States of America as obligee.

**FURTHER AFFIANT SAYETH NAUGHT.**

Kenneth Rockenbach
As:  Home Office Counsel
Liberty Mutual Insurance Company

STATE OF TEXAS
COUNTY OF DALLAS

Sworn and subscribed to before me, this <u>10th</u> day of December, 2010, by Kenneth Rockenbach, as Home Office Counsel of Liberty Mutual Insurance Company, who is <u>personally known to me</u> or who has produced _____ as identification.

(Seal)

JENNIFER ROSALES
NOTARY PUBLIC
State of Texas
Comm. Exp. 07-09-12

Notary Public, State of: <u>Texas</u>

<u>Jennifer Rosales</u>
Print Name

My Commission Expires: <u>7-9-2012</u>

4

BOND # 016027932

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

BLANKET BOND OF TRUSTEES IN CASES UNDER CHAPTER 7

AND CHAPTER 11, PROVIDED IT IS A LIQUIDATION

AND NOT A REORGANIZATION

UNITED STATES BANKRUPTCY CODE

**KNOW ALL MEN BY THESE PRESENTS:**

That we, the Principals listed in Schedule "A" attached hereto, and those who may from time to time be added to said schedule, by amendment, and LIBERTY MUTUAL INSURANCE COMPANY, a corporation duly licensed to do business in the state of Florida, as Surety, are held and firmly bound unto the United States of America in the amount of **FORTY-EIGHT MILLION, TWO HUNDRED AND SIXTY-ONE THOUSAND AND 00/100 DOLLARS, ($48,261,000.00)**, in lawful money of the United States, to be paid to the United States, for which payment, well and truly to be made, we bind ourselves and our heirs, executors, administrators and successors firmly by these presents. Each individual trustee shall be liable only for his/her individual acts.

**THE CONDITION OF THIS OBLIGATION IS SUCH THAT:**

**WHEREAS,** the United States Bankruptcy Court for the Southern District of Florida, has appointed Trustees in cases commenced under the Chapter 7 and Chapter 11, provided such proceedings under Chapter 11 are liquidation and not reorganization, of the United States Bankruptcy Code; and

**WHEREAS,** the United States Trustee for Region 21, or his/her designate, has or will appoint Trustees in cases commenced under Chapter 7 and Chapter 11, provided such proceeding under Chapter 11 is a liquidation and not a reorganization, of the United States Bankruptcy Code; and



EXHIBIT

1

WHEREAS, the said Principals listed in Schedule "A" attached or subsequently added thereto by amendment may have been appointed or may hereafter be appointed to serve as such Trustee in one or more of such cases;

NOW THEREFORE, if the said Principals listed in Schedule "A" attached or subsequently added thereto as Trustee as aforesaid shall obey such orders as the United States Bankruptcy Court of the United States District Court or any of the Judges of such court may make in relation to the trust undertaken by said Trustee, and shall faithfully and truly account for all moneys, assets and effects of the estate in each case in which he or she has been appointed or will be appointed, and shall in all respects faithfully perform all his or her official duties as Trustee, then this obligation to be void; otherwise, to remain in full force and effect.

The aggregate liability of the Surety hereunder shall not exceed the face amount of this bond, regardless of the number of years this bond is in effect, regardless of the number of cases involved and regardless of the number of trustees involved. The Surety's liability in each case covered by this bond shall become effective on the date of this bond.

This bond shall remain in full force and effect with respect to all cases pending in this court, in which the said Principals listed in Schedule "A" attached or subsequently added thereto have been appointed, until the Surety has terminated further liability after 30 days written notice filed with U. S. Trustee for Region 21 and with the Clerk of the Bankruptcy Court for the Southern District of Florida.

SIGNED AND SEALED THIS 13TH DAY OF DECEMBER, 2002.

THIS BOND IS EFFECTIVE THE 1st DAY OF JANUARY, 2003.


LIBERTY MUTUAL INSURANCE COMPANY


ELOISE B. FARNSWORTH
ATTORNEY-IN-FACT

SCHEDULE "A"


This Schedule "A" is attached to and made a part of Chapter 7
Blanket Bond # 016027932 dated the 1ST day of January, 2003 and
filed with the U. S. Trustee for Region 21 and the U. S. Bankruptcy
Court for the Southern District of Florida.


PRINCIPALS:

DANIEL BAKST
JOHN P. BARBEE
JEFFREY BECK
MARCIA T. DUNN
PATRICIA DZIKOWSKI
JAMES S. FELTMAN
ROBERT C. FURR
IRVING E. GENNET
ALAN GOLDBERG
LAUREN P. GREENE
SONEET R. KAPILA
CORALI CASTRO-LOPEZ
ELENA M. MAGOLNICK
DEBORAH C. MENOTTE
SONYA L. SALKIN
JOEL L. TABAS
MARKIA TOLZ
KENNETH A. WELT

TRUSTEE LIST FOR BLANKET BOND # 016027932

| | |
|---|---|
| BAKST, DANIEL L. | 1,130.00 |
| BARBEE, JOHN P. | 1,566.00 |
| BECK, JEFFREY H. | 318.00 |
| DUNN, MARCIA T. | 1,956.00 |
| DZIKOWSKI, PATRICIA | 1,602.00 |
| FELTMAN, JAMES S. | 2,424.00 |
| FURR, ROBERT C. | 1,081.50 |
| GENNET, IRVING E. | 16.00 |
| GOLDBERG, ALAN L. | 1,904.50 |
| GREENE, LAUREN P. | 62.00 |
| KAPILA, SONEET R. | 2,224.50 |
| LOPEZ-CASTRO, CORALI | 976.00 |
| MAGOLNICK, ELENA M. | 47.50 |
| MENOTTE, DEBORAH | 2,380.50 |
| SALKIN, SONIA L. | 1,479.00 |
| TABAS, JOEL L. | 1,754.50 |
| TOLZ, MARIKA | 1,174.00 |
| WELT, KENNETH A. | 2,034.50 |
| | 24,130.50 |

BOND # 016027932

## RENEWAL CERTIFICATE

To be attached to and made a part of Chapter 7 Blanket Bond #016027932 filed with the U. S. Bankruptcy Court for the Southern District of Florida with the U.S. Trustee for Region 21.

The attached bond shall be subject to all its agreements, limitations and conditions except as herein expressly amended and further that the liability of the Surety under the attached bond shall not exceed the amount of $78,020,000.00 and shall not be cumulative. The Surety shall have no liability for any losses caused by conduct in which any of the said named principals engaged prior to the effective date of the original bond or the effective date of their being added to the bond.

Trustees:

| | |
|---|---|
| MICHAEL R. BAKST | SONEET R. KAPILA |
| JOHN P. BARBEE | DEBORAH C. MENOTTE |
| DREW DILLWORTH | BARRY MUKAMAL |
| MARCIA T. DUNN | LESLIE OSBORNE |
| PATRICIA DZIKOWSKI | SONYA L. SALKIN |
| JAMES S. FELTMAN | JOEL L. TABAS |
| ROBERT C. FURR | MARIKA TOLZ |
| ALAN L. GOLDBERG | KENNETH A. WELT |

**THIS RENEWAL IS IN EFFECT THE 1st DAY OF JANUARY, 2010.**

**SIGNED AND SEALED THIS 31st DAY OF DECEMBER 2009.**

LIBERTY MUTUAL INSURANCE COMPANY

BY: _____
Marley M. Morris - ATTORNEY IN FACT

NOTE: THE U. S. TRUSTEE APPROVES THE SUFFICIENCY OF THE SURETY AND THE AMOUNT OF THIS BOND
    DATED:_____    BY:_____

**EXHIBIT**

tabbies

**2**